UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-cv-00659-JCM-NJK |
| Plaintiff(s), | ORDER |
| vs. | |
| REDROCK PARK HOMEOWNER'S ASSOCIATION, et al., | |
| Defendant(s). | |

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, which is an issue it can raise at any time. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). "Even if the defendants concede jurisdiction, the district court may still conclude that some further showing of citizenship may be required to confirm its jurisdiction." *Carolina Casualty*, 741 F.3d at 1088 (citing *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (*per curiam*)). When parties invoke the Court's diversity jurisdiction, they must establish that, *inter alia*, each plaintiff is a citizen of a different state than each defendant. *See Allstate Ins. Co. v. Hughes,* 358 F.3d 1089, 1095 (9th Cir. 2004). In conducting that analysis, a limited liability corporation is deemed a citizen of every state in which its members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "an LLC is a citizen of every state of which its owners/members are citizens"). Moreover, courts may require the parties to submit competent evidence establishing their citizenship, such as a declaration based on personal

knowledge. *Cf. America's Best Inns*, 980 F.2d at 1074 ("only the affidavit made on personal knowledge has any value").

Pending before the Court is an order to show cause regarding subject matter jurisdiction and, more particularly, the citizenship of Defendants LV Real Estate Strategic Investments, LLC ("LVRES") and ATC Assessment Collection Group, LLC ("ATC"), and their members. Docket No. 13. Neither LVRES nor ATC filed a response to the order to show cause, prompting the Court to further order them to file "declarations based on personal knowledge identifying each of their members and their citizenship." Docket No. 19. LVRES then filed a declaration from attorney Jeff Brauer purporting to attest to the residency of the members of LVRES. Docket No. 20. The Court issued yet another order indicating that the declaration's convoluted explanation regarding Mr. Brauer's purported personal knowledge was insufficient and that the pertinent test is citizenship, rather than residency. Docket No. 21. The Court therefore required further "declarations based on personal knowledge identifying each of [LVRES's] members and their citizenship." *Id.* at 2.

Now before the Court are the most recently filings by LVRES and ATC. For reasons completely unclear to the Court, LVRES has submitted a further declaration from Mr. Brauer devoid of any information as to the citizenship of LVRES's members. *See* Docket No. 22-1.[1] For its part, ATC has submitted a declaration from an unidentified declarant purporting to show the citizenship of the three members of ATC. Docket No. 23.[2] These declarations are not sufficient.

At this point, the Court has ordered declarations based on personal knowledge multiple times but counsel appear to not fully understand what is required. The Court hereby **ORDERS** LVRES to file, no later than June 7, 2016, a declaration signed by Jun Wu, a declaration signed by Jacob Lefkowitz, a declaration signed by Edward Sun, and a declaration signed by Jeff Brauer. The Court hereby **ORDERS** ATC to file, no later than June 7, 2016, a declaration signed by Dan Angius, a declaration signed by

---

[1] The most recent filing also identifies only three individual members, while the previous filing identified four. *Compare* Docket No. 22-1 *with* Docket No. 20 (identifying, *inter alia*, Edward Sun).

[2] The declaration is apparently made by the "undersigned counsel," but two persons are listed on the signature line.

2

Bradley Epstein, and a declaration signed by Paul Terry. Each of these declarations must identify the declarant's state of citizenship.

**THE FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THE ISSUANCE OF AN ORDER FOR EACH MEMBER ABOVE, THE LLC PARTY, AND THE RESPECTIVE ATTORNEY(S) TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED.**

IT IS SO ORDERED.

DATED: May 31, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge