UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | ) |
| Plaintiff(s), | ) Case No. 2:16-cv-00659-JCM-NJK |
| | ) ORDER |
| vs. | ) |
| REDROCK PARK HOMEOWNER'S ASSOCIATION, et al., | ) |
| Defendant(s). | ) |

Pending before the Court is an order to show cause why sanctions should not be imposed against, *inter alia*, Edward Sun. Docket No. 30. For the reasons discussed more fully below, the Court **ORDERS** Mr. Sun to pay a court fine of $1,000 by August 29, 2016. The Court further **ORDERS** Mr. Sun to file a proper declaration based on his personal knowledge as outlined below by August 29, 2016.

**I.    BACKGROUND**

The pending order to show cause arises out of a long-running process of the Court attempting to ascertain the citizenship necessary to evaluate the existence of diversity jurisdiction in this case. On April 26, 2016, the Court issued an order to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 13. The necessary jurisdictional inquiry centered on the citizenship of the members of Defendants LV Real Estate Strategic Investment Group, LLC ("LVRES") and ATC Assessment Collection Group, LLC. *See id.* at 2. LVRES failed to respond to that order to show cause, prompting a further order that it file declarations based on personal knowledge identifying each of its members and their citizenship. *See* Docket No. 19. The Court advised counsel to "consult

relevant legal authority and ensure that this showing will be sufficient for the Court to make a finding regarding the LLC defendants' citizenship." *See id.* at 2. Those declarations were due no later than May 18, 2016. *See id.* at 1.

LVRES's counsel and member, Jeff Brauer, responded to that order with a declaration identifying four members of LV Real Estate Strategic Investment Group, LLC Series 2601 (including Mr. Sun), three overlapping members of LVRES, and the "residency" of those members. *See* Docket No. 20 at 2. The Court explained that this response was insufficient in several ways, including that (1) it referred to the "residency" of the LLC members, when the pertinent test is "citizenship," (2) the declaration provided a convoluted explanation as to the personal knowledge forming the basis of the declaration and (3) the declaration failed to explain how counsel had personal knowledge of individual members' citizenship based on their personal intentions. Docket No. 21 at 1-2. The Court therefore ordered again that LVRES file declarations based on personal knowledge identifying each of its members and their citizenship. *Id.* at 2.

Thereafter, Mr. Brauer filed a brief identifying three members (this time not including Mr. Sun) and stating that those members are domiciled in Nevada, as evidenced by the attached declaration. *See* Docket No. 22 at 2-3. The attached declaration, however, did not provide any information of any kind as to the domicile or citizenship of those members. *See* Docket No. 22-1. Moreover, the filing failed to explain why it was no longer referencing Mr. Sun and his citizenship, despite earlier identifying him as a relevant member for purposes of diversity jurisdiction. *See* Docket Nos. 22, 22-1. Accordingly, the Court again found the submission deficient. *See* Docket No. 24 at 2 & n.1. Because it appeared that counsel was not fully understanding what was required, the Court expressly ordered "LVRES to file, no later than June 7, 2016, a declaration signed by Jun Wu, a declaration signed by Jacob Lefkowitz, a declaration signed by Edward Sun, and a declaration signed by Jeff Brauer. . . . Each of these declarations must identify the declarant's state of citizenship." *Id.* at 2-3. The Court further warned that "**THE FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THE ISSUANCE OF AN ORDER FOR EACH MEMBER ABOVE, THE LLC PARTY, AND THE RESPECTIVE ATTORNEY(S) TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED**." *Id.* at 3 (emphasis in original).

2

No such declarations or any other response from LVRES were filed by June 7, 2016, resulting in the Court issuing an order to show cause why sanctions should not be imposed against, *inter alia*, Mr. Sun. Docket No. 30. That is the order to show cause pending before the Court. LVRES responded to that order to show cause by arguing that it had "transferred its interest in the property that is the subject of this action to a third party and the new owner and purchaser has the responsibility to substitute in for LVRES in this action." Docket No. 31 at 1-2. LVRES further indicated that it had "taken all reasonable actions required to comply with the Court's orders" because it had been attempting to obtain a substitution of parties. *See* Docket No. 31 at 2-3 (emphasis omitted). As such, LVRES acknowledged that it could have complied with the Court's order, but chose not to do so because it believed this substitution of parties should occur instead. *See id.* at 3.

Having found this response insufficient to address the concerns raised and still having no competent evidence as to the citizenship of the relevant members, the Court set a show cause hearing. Docket No. 34. With respect to Mr. Sun, the hearing was set both to address the issue of sanctions and for Mr. Sun to explain his citizenship. *See id.* at 1. The Court expressly required the personal attendance of, *inter alia*, Mr. Sun. *See id.* The Court warned that "**[f]ailure to appear for the hearing may subject these persons to significant sanctions and may result in the institution of contempt proceedings**." *Id.* at 1 (emphasis in original). Mr. Sun's attorney then filed an emergency motion to continue the show cause hearing "to either August 15, 16, 17, 18, or 19, 2016." Docket No. 35 at 1. On July 21, 2016, the Court granted that request, and continued the hearing to one of the dates identified in the motion, August 18, 2016. Docket No. 36. Despite specifically requesting that hearing date, Mr. Sun's attorney then filed a motion for Mr. Sun to appear telephonically because it would be too expensive for him to appear since he is a part-time resident in California and a part-time resident in China. Docket No. 41. The Court denied that motion to appear telephonically because, most notably, it did not indicate that Mr. Sun was even in China at that time and the Court therefore assumed that meant he was in California. *See* Docket No. 45.[1] LVRES's counsel then filed a further motion for Mr.

---

[1] The Court had previously allowed Paul Terry, the member of a different LLC, to appear telephonically. Unlike Mr. Sun, Mr. Terry was not required to address his citizenship at that hearing. *See* Docket No. 45 at 1 n.1; *see also* Docket No. 40.

1  Sun to appear telephonically, this time indicating that Mr. Sun had just flown to China while his
2  previous motion to appear telephonically remained pending. Docket No. 46; *see also* Docket No. 46-2
3  (airline ticket dated August 14, 2016).[2] The Court again denied the motion, finding that it failed "to
4  explain why those mediation proceedings should take precedence over a show cause hearing in this case,
5  and it appears plain that the hearing in this case was set first given that the date chosen was specifically
6  requested by Mr. Sun." Docket No. 47 at 2. The Court further found that the fact "that Mr. Sun [chose]
7  to fly to China without first obtaining permission to excuse his personal appearance in this case does not
8  establish good cause to allow him to appear telephonically." *Id.*

9  The Court held the show cause hearing as scheduled, and Mr. Sun failed to appear. *See* Docket
10 No. 49.

**II.     STANDARDS**

Orders are not suggestions or recommendations, they are directives with which compliance is mandatory. *See, e.g.*, *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979). There are several sources of legal authority by which federal courts enforce their orders. Most pertinent here, Rule 16(f) of the Federal Rules of Civil Procedure requires compliance with any "scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). The Local Rules in this District reinforce Rule 16(f) and expand its scope by requiring compliance "with any order of this court." Local Rule IA 11-8(d).

Rule 16(f) is "broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986).[3] Rule 16(f) applies regardless of whether the non-compliance with the court order was intentional, *see, e.g.*, *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001), and regardless of whether the non-

---

[2] As he had done previously, Mr. Sun's attorney purports to support this motion through his own declaration as to the whereabouts of Mr. Sun. *See* Docket No. 46-1. Why a declaration from Mr. Sun himself was not submitted is left unexplained. Instead, the declaration attaches an unsworn statement from Mr. Sun, along with a plane ticket. *See id.*

[3] The Court herein focuses its attention on Rule 16(f), but sanctions are being imposed on Mr. Sun pursuant to both Rule 16(f) and Local Rule IA 11-8(d).

compliance was in bad faith, *see, e.g.*, *Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 604 (E.D. Cal. 1999).

"Courts do not invoke Rule 16(f) to enforce their orders for sport." *Gfeller v. Doyne Med. Clinic, Inc.*, 2015 WL 5210392, *9 (D. Nev. Sept. 3, 2015). In this instance, the Court has been trying to ascertain its subject matter jurisdiction for months. Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Ensuring that the Court is not exceeding its jurisdictional boundaries is of critical importance. To that end, federal courts have an independent duty to ascertain whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *See, e.g.*, *Hertz v. Friend*, 559 U.S. 77, 94 (2010) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 5014 (2006)). The Ninth Circuit has expressly ruled that federal courts are empowered to require a sufficient showing from the parties so that it can be satisfied that a sufficient basis for the exercise of jurisdiction exists. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014) (citing *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)). If a party fails to comply with such orders, the Court cannot fulfill its duty to confirm its subject matter jurisdiction.

When a court determines that Rule 16(f) has been violated, it has broad discretion in fashioning an appropriate sanction. *See, e.g.*, *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993); *see also* Local Rule IA 11-8 (the Court may impose "any and all appropriate sanctions on an attorney or party" who violates "any order"). Violations of orders are "neither technical nor trivial," *Martin Family Trust*, 186 F.R.D. at 603, and can have severe ramifications. Rule 16(f) itself provides that courts may issue "any just orders," including those authorized by Rule 37(b)(2)(A)(ii)-(vii), which include the initiation of contempt proceedings and entry of case-dispositive sanctions. *See* Fed. R. Civ. P. 16(f)(1); *see also Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-33 (9th Cir. 1987) (affirming dismissal sanction). Rule 16(f) also authorizes the payment of the attorneys' fees and costs incurred as a result of the non-compliance with the court order. *See* Fed. R. Civ. P. 16(f)(2). In addition, while not expressly enumerated, the imposition of court fines is within the scope of the "just orders" permitted by Rule 16(f). *See, e.g., Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-96 (8th Cir. 2001). In

determining the appropriate sanction, a primary objective is to deter similar misconduct. *See, e.g.*, *Martin Family Trust*, 186 F.R.D. at 604.

### III. ANALYSIS

Despite numerous opportunities to do so, Mr. Sun has failed to provide competent evidence as to his citizenship. Following numerous orders to submit a declaration as to his citizenship that were disobeyed, the Court most recently ordered Mr. Sun to appear personally to show cause why he should not be sanctioned and to answer direct questions from the Court regarding his citizenship. *See, e.g.*, Docket Nos. 24, 34. Despite more than three weeks' notice of that hearing and the setting of that hearing on a date he requested, Mr. Sun opted not to appear. *See* Docket No. 49. Instead, he made a decision to fly to China four days before the hearing, apparently assuming and/or hoping that his personal appearance would be excused. *See* Docket No. 46-2. Mr. Sun's decision not to appear has again left the Court without the pertinent information regarding his citizenship,[4] and has again wasted Court and party resources.

The Court's orders could not have been clearer. One such order specifically directed Mr. Sun by name to sign and file a declaration attesting to his citizenship. *See* Docket No. 24 at 2-3. He refused to comply.[5] Another order specifically directed Mr. Sun by name to appear in person in Court to attest

---

[4] At the hearing, Mr. Sun's attorney argued that Mr. Sun's citizenship is not relevant because he is a member of the LLC series entity and not a member of the party LLC. *See* Hearing Rec. (8/18/2016) at 9:47 - 9:50 a.m. That argument is inconsistent with the initial submission in response to the order to show cause in which counsel specifically identified the LLC series entity and Mr. Sun in particular with respect to the diversity inquiry. *See* Docket No. 20 at 2 (responding to initial order to show cause by identifying Mr. Sun as a member of the LLC series). It is unclear why Mr. Sun's attorney identified him as a pertinent member in that filing if he actually believes his citizenship is irrelevant. At any rate, Mr. Sun and his attorney have had many opportunities to submit a brief explaining that position and providing legal authority to support it. The time for seeking to excuse Mr. Sun from complying with the Court's orders to submit competent evidence as to his citizenship has passed. Mr. Sun has been ordered on multiple occasions to explain his citizenship, and he has failed to do so.

[5] As noted above, the response to the order to show cause appears to contend that compliance was unnecessary because LVRES was awaiting a stipulation to be substituted out as a party. *See* Docket No. 31. LVRES failed to explain why it believed the substitution of parties rendered the citizenship of its members irrelevant to the jurisdictional analysis given that it was the named party at the time the case was initiated. Counsel for LVRES has since argued that the citizenship of the substituted party is irrelevant to the Court's

to his citizenship and explain why sanctions should not be imposed. Docket No. 34 at 1. He refused to comply. All along the way, the Court has warned Mr. Sun repeatedly of the potential consequences of disobedience. *See, e.g.,* Docket No. 34 at 1 ("**Failure to appear for the hearing may subject these persons to significant sanctions and may result in the institution of contempt proceedings**" (emphasis in original)). Despite those warnings, Mr. Sun has still refused to comply.

Given the record, the Court **ORDERS** Mr. Sun to pay a court fine in the amount of $1,000 pursuant to Rule 16(f) and Local Rule IA 8-11(d). The Court believes this fine does not fully reflect the effect of Mr. Sun's misconduct on either the integrity of the Court's docket or the sanctity of Rule 16 and Local Rule IA 11-8. Nonetheless, in this instance, the Court believes the sanction is sufficient to deter similar misconduct. Payment shall be made by August 29, 2016, as a Court fine to the "Clerk, U.S. District Court." Mr. Sun shall also file proof of payment by August 31, 2016.

In addition, the Court once again **ORDERS** Mr. Sun to file a declaration that he signs based on personal knowledge attesting to his citizenship. This declaration shall be filed no later than August 29, 2016. The declaration must contain representations as to at least the following:

- The place(s) in which Mr. Sun intends to remain and make his permanent home;
- The place(s) of Mr. Sun's current residence and the length of that residence;
- The place(s) in which Mr. Sun is registered to vote, and his voting practices for the last ten years;
- The place(s) in which Mr. Sun owns personal property;
- The place(s) in which Mr. Sun owns real property;
- The place(s) in which Mr. Sun has brokerage and/or bank accounts;
- The location(s) of any spouse or family members;
- The place(s) in which Mr. Sun has membership in a union or other professional organization;

---

jurisdiction because LVRES was the proper party at the time the case was initiated. *See* Hearing Rec. (8/18/2016) at 10:01 - 10:02 a.m. Moreover, mere disagreement with a court order is not proper grounds to disobey it. *E.g.*, *Chapman*, 613 F.2d at 197 ("An attorney who believes a court order is erroneous is not relieved of his duty to obey it").

1 • The place(s) of Mr. Sun's employment or business;
2 • The place(s) from which Mr. Sun has been issued his current driver's license, if any;
3 • The place(s) from which Mr. Sun has obtained current vehicle registrations, if any; and
4 • The place(s) in which Mr. Sun pays taxes, if any.[6]

The Court has already cautioned Mr. Sun that his non-compliance with the Court's orders could result in the initiation of contempt proceedings. Docket No. 34 at 1. The record is already sufficient to support the initiation of such proceedings. Nonetheless, the Court declines to do so at this time. Mr. Sun should make no mistake, however, by assuming that such leniency will continue. It will not. **IF MR. SUN FAILS TO COMPLY WITH THIS ORDER THE COURT WILL INSTITUTE CONTEMPT PROCEEDINGS AGAINST HIM**.

IT IS SO ORDERED.

DATED: August 22, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[6] *See, e.g.*, *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).