UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-cv-00659-JCM-NJK |
| Plaintiff(s), | REPORT AND RECOMMENDATION |
| vs. | (Docket No. 59) |
| REDROCK PARK HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Pending before the Court is the motion for leave to file a third-party complaint by non-party Jeff Brauer against non-party Edward Sun. *See* Docket No. 59.[1,2] The Court finds no response necessary, and further finds the motion properly resolved without oral argument. *See* Local Rule 78-1. A third-party complaint is only properly filed if the third-party plaintiff is a "defending party" in the underlying action and the proposed third-party defendant "is or may be liable to [the third-party plaintiff] for all or

---

[1] Both Mr. Brauer and Mr. Sun were required to submit information as to their citizenship for purposes of analyzing diversity jurisdiction with respect to an LLC party. *See, e.g.*, Docket No. 24 at 2. Mr. Brauer and Mr. Sun are not themselves parties to this case.

[2] In his public filings Mr. Brauer identified his minor children by name and identified financial account information, including the routing and account number for Mr. Sun's bank account. *See, e.g.*, Docket No. 59-1 at 17; Docket No. 61-1 at 8. In doing so, Mr. Brauer violated both the Federal Rules and Local Rules. *See* Fed. R. Civ. P. 5.2(a); Local Rule IC 6-1(a). Accordingly, the Court instructed the Clerk's Office to seal the filings. *See* Docket No. 66.

part of the claim against it" in the underlying action. Fed. R. Civ. P. 14(a)(1).[3] "A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant." *Bank of the West v. Estate of Leo*, 231 F.R.D. 386, 389 (D. Ariz. 2005).

The circumstances here obviously do not permit Mr. Brauer's third-party complaint. This case centers on a homeowners association foreclosure sale at the property at 2601 Red Rock Street, #201, Las Vegas, Nevada 89146. *See, e.g.*, Docket No. 1. The proposed third-party complaint centers on a purported dispute as to Mr. Sun's handling of a college trust fund set up on behalf of Mr. Brauer's children. Docket No. 59 at 3. The motion fails to identify any connection whatsoever between that purported dispute and the underlying claims asserted in this case regarding a homeowners foreclosure sale, let alone a showing that the proposed third-party claims are dependent in some way on the claims being adjudicated herein. Moreover, Mr. Brauer is not a "defending party" in this case. Accordingly, the undersigned **RECOMMENDS** that the motion for leave to file the third-party complaint be **DENIED**.[4]

IT IS SO ORDERED.

DATED: September 1, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] The proposed complaint is identified as a third-party complaint, *see* Docket No. 59-1, but the motion fails to cite Rule 14 as the basis for seeking leave, *see, e.g.*, Docket No. 59 at 3 (citing Rule 13 and Rule 15). To the extent Mr. Brauer was attempting to bring a cross-claim, *see* Docket No. 59 at 3, leave would be denied since neither Mr. Brauer nor Mr. Sun are parties to this case. *See* Fed. R. Civ. P. 13(g) (identifying circumstances in which "one party [may bring a claim] against a coparty"). Moreover, as addressed below, Mr. Brauer's proposed claim is not related to the underlying claims in this case. *See id.*

[4] Mr. Brauer's course of conduct is, at best, perilously close to the realm of sanctionable misconduct. *See, e.g.*, Fed. R. Civ. P. 11. Mr. Brauer is strongly urged to take stock of his actions, and to ensure that future filings fully comply with his obligations as an officer of the Court.

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in Local Rule 7-3.