UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-659 JCM (NJK) |
| Plaintiff(s), | ORDER ON SEALED MOTION |
| v. | |
| REDROCK PARK HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Koppe's report and recommendation ("R&R"), recommending that nonparty Jeff Brauer's (SEALED) motion for leave to file crossclaim against nonparty Edward Sun (ECF No. 59) be denied. (ECF No. 67). No objections have been filed, and the deadline for filing objections has since passed.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review

**James C. Mahan**
**U.S. District Judge**

employed by the district court when reviewing a report and recommendation to which no objections were made).

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge.

Pursuant to Federal Rule of Civil Procedure 14(a)(1), a defending party may serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. Fed. R. Civ. P. 14(a)(1). However, "the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." *Id.* The purpose of this rule is "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). The decision whether to implead a third-party defendant is at the sound discretion of the trial court. *Id.*

Magistrate Judge Koppe found that Brauer's motion failed to set forth any basis that would permit the third-party complaint. (ECF No. 67). In particular, the magistrate noted that the proposed complaint was identified as a third-party complaint (ECF No. 59-1), but the motion failed to cite Rule 14 as a basis for leave. (ECF No. 67). Rather, the motion cited to Rule 13 and 15. (ECF No. 59 at 3). The magistrate found that leave under Rule 13 or Rule 15 would nonetheless be denied as neither Brauer nor Sun were parties in the instant case. (ECF No. 67).

Further, the magistrate found that the motion failed to identify any connection between the instant case and the proposed third-party complaint. (ECF No. 67). Specifically, Magistrate Judge Koppe found that the instant case involved a homeowner's association foreclosure sale of a particular property, whereas the proposed third-party complaint centered on a dispute regarding Sun's handling of a college trust fund set up on behalf of Brauer's children. (ECF No. 67).

In light of the foregoing and upon reviewing the underlying briefs, the court finds that good cause appears to adopt Magistrate Judge Koppe's findings.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Koppe's report and recommendation (ECF No. 67) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that nonparty Jeff Brauer's (SEALED) motion for leave to file crossclaim against nonparty Edward Sun (ECF No. 59) be, and the same hereby is, DENIED.

DATED February 28, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -