ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
JAMIE K. COMBS, ESQ.
Nevada Bar No. 13088
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
Email: jamie.combs@akerman.com

*Attorneys for Plaintiff Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP*

AKERMAN LLP
1635 Village Center Circle, Suite 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP,

Plaintiff,

v.

REDROCK PARK HOMEOWNER'S ASSOCIATION; PROPER PROPERTIES, INC.; and ATC ASSESSMENT COLLECTION GROUP, LLC, FKA ANGIUS & TERRY COLLECTIONS, LLC,

Defendants.

Case No.: 2:16-cv-00659-JCM-NJK

**BANK OF AMERICA, N.A.'S MOTION FOR RECONSIDERATION RE: ECF NO. 123**

Plaintiff Bank of America, N.A. as successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing LP (**BANA**) moves for reconsideration of this court's order entered June 22, 2018 denying summary judgment in favor of BANA, ECF No. 123.

AKERMAN LLP
1635 Village Center Circle, Suite 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The court should reconsider its prior order denying BANA's motion for summary judgment in light of intervening case law from the Nevada Supreme Court which has been issued since BANA filed its motion for summary judgment, as well as to prevent manifest injustice.

More than two months after BANA filed its motion for summary judgment, the Nevada Supreme Court issued a decision in *Saticoy Bay LLC v. JPMorgan Chase Bank*, 408 P.3d 558 (Nev. 2017), holding that a homeowner's payments to the HOA satisfied the super-priority portion of the HOA's lien and preserved the bank's deed of trust. The undisputed facts in this case show that the homeowner tendered well in excess of nine months' of assessments before the HOA foreclosed, thus preserving BANA's deed of trust. This is consistent with the express provisions of the original foreclosure deed stating the HOA only foreclosed the non-priority portion of its lien. Additionally, in June of 2018, several months after this case was fully briefed and submitted for decision, the Nevada Supreme Court issued a decision in *Bank of America v. Ferrell Street Trust*, confirming that a bank's tender of nine months of assessments, even if rejected, can preserve the deed of trust. Since then, the Nevada Supreme Court has issued two more opinions confirming a bank's tender of exactly nine months of assessments is sufficient to preserve its deed of trust, even if rejected by the HOA.

## II. UNDISPUTED FACTS

1. On October 25, 2005 Timothy C. Anders (**borrower**) obtained a loan from Countrywide Home Loans, Inc. in the amount of $136,000.00, which was secured by a deed of trust (the **senior deed of trust**) recorded against the property on November 1, 2005. **BANA's MSJ, ECF No. 119, Ex. A.**

2. The senior deed of trust was assigned to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing LP (**BAC**) via a corporation assignment of deed of trust. **BANA MSJ, ECF No. 119, Ex. B.** BAC subsequently merged with and into BANA in July 2011.

<u>The HOA Lien and Foreclosure</u>

3. The borrower failed to pay Redrock all amounts due to it. On May 16, 2011, Redrock, through its agent Angius and Terry Collections, LLC (**ATC**), recorded a notice of delinquent assessment lien. **BANA MSJ, ECF No. 119, Ex. C.** Per the notice, the amount due to

AKERMAN LLP
1635 Village Center Circle, Suite 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

Redrock was $2,983.16. *Id.* The notice does not specify whether the HOA's lien includes a super-priority component, nor does it include a breakdown of the amounts owed. *Id.*

4. On June 8, 2011, Redrock, through its agent ATC, recorded a notice of default and election to sell pursuant to the delinquent assessment lien. **BANA MSJ, ECF No. 119, Ex. D.** The notice states the amount due to Redrock was $4,052.39. *Id.* The notice does not specify whether the lien includes a super-priority component and does not include a breakdown of the amounts owed. *Id.*

5. In March 2012, BANA requested a ledger from Redrock, through its agent ATC, identifying the super-priority amount allegedly owed to Redrock. **BANA MSJ, ECF No. 119, Ex. F** at ¶ 4, and Ex. 1 thereto. Redrock refused to identify the super-priority amount, and instead provided a ledger, dated April 9, 2012, identifying the total amount allegedly owed. *Id.* at ¶ 7, and Ex. 2 thereto.

6. BANA and its counsel were forced to calculate the super-priority amount claimed by Redrock by reference to the April 9, 2012 ledger provided by Redrock, through its agent ATC. *Id.* at ¶ 8, and Ex. 3 thereto.

7. Based on the monthly assessment amount identified in Redrock's April 9, 2012 ledger, BANA calculated the true super-priority amount as $2,070.00, the sum of nine-months of common assessments as identified in Redrock's ledger[1], and tendered that amount to Redrock through its agent ATC, on May 17, 2012. *Id.* Redrock rejected BANA's tender. *Id.* at ¶ 9 and Ex. 4 thereto.

8. On February 24, 2014, Redrock, through its agent ATC, recorded a notice of trustee's sale. **BANA MSJ, ECF No. 119, Ex. E.** The notice states the amount due to Redrock was $7,110.23, which included "reasonably estimated costs, expenses and advances." *Id.* The delay in the HOA's foreclosure proceedings was due to bankruptcy filings made by the prior homeowner. ***See* ATC Status Report,** attached hereto as **Ex. N**. The notice of sale stated that the property was being sold "as is," and the sale would be made "without covenant or warranty, expressed or implied regarding, but not limited to, title or possession, encumbrances, obligations to satisfy any secured or

[1] The HOA dues at the time were $230 per month. $230 x 9 = $2,070.00.

unsecured liens. . ." BANA MSJ, Ex. E. The notice stated the HOA was owed $7,110.23. *Id.* The notice did not indicate whether the HOA was foreclosing a super-priority lien. *Id.* The sale was again postponed until July 9, 2014, as a result of bankruptcy filings made by the prior homeowner. *See* Ex. N.

9. Between the time the notice of lien was recorded in 2011 up through the time of the sale, the homeowner made **$7,891.87** in payments to the HOA, through ATC, well in excess of nine months of assessments constituting the super-priority portion of the HOA's lien. ***See*** **ATC Ledger,** attached hereto as **Ex. O**. Of the $7,891.87 in payments made by the homeowner, $5,115.20 were applied to the amounts owed to the HOA for assessments, $175 went to the HOA for an "audit fee", $1800 went towards the amounts owed to ATC, $496.67 went toward publishing and posting, and $305.00 went to "RATC". *Id.* $5,115.20 covers the payments for more than *22 monthly assessments.*

10. Redrock foreclosed on the property on or about July 9, 2014. **BANA MSJ, ECF No. 119, Ex. G.** The opening bid was set at $8,330.92, taking into account the payments made by the homeowner. As there were no bidders, the property reverted to the HOA at the sale for $8,330.92. A trustee's deed upon sale in favor of Redrock was recorded July 15, 2014. A true and correct copy of the trustee's deed is recorded with the Clark County Recorder as **Instrument No. 201407150001021**.

11. Notably, the trustee's deed was recorded granting Redrock "that portion of its right, title and interest secured by the ***non-priority portion*** of its lien." *Id.* Additionally, the trustee's deed stated that Redrock purchased the property in an amount "***in excess of the Super-Priority lien***." *Id.*

12. At the time of the foreclosure sale, the property had a fair market value of $85,000. **BANA MSJ, ECF No. 119, Ex. H.**

13. On October 21, 2014, three months after recording the trustee's deed, Redrock, through its agent ATC, recorded a "corrected trustee's deed upon sale" which deleted the references to "the non-priority portion of its lien" and "the Super-priority Lien." **BANA MSJ, ECF No. 119, Ex. I.**

14. On July 13, 2015, Redrock executed a quitclaim deed transferring title to the property Strategic. **BANA MSJ, ECF No. 119, Ex. J.**

AKERMAN LLP
1635 Village Center Circle, Suite 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

15. Akerman, on behalf of Bank of America, recorded a lis pendens against the property on March 29, 2016. *See* ECF No. 3.

16. On May 26, 2016, Strategic executed a quitclaim deed purporting to transfer title to Proper. **BANA MSJ, ECF No. 119, Ex. K.**

## III. ARGUMENT

### A. Legal Standard

Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) an intervening change in the law, or (3) as necessary to prevent manifest injustice. Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). Whether to grant reconsideration is within the sound discretion of the court. Id.

Here, intervening changes in the law have confirmed that Bank of America's deed of trust survived, either because of the homeowner's payments toward the account, coupled with the originally recorded sub-priority deed, or because of Bank of America's tender of the super-priority amount.

### B. The Homeowner's Payments Prior to the Sale Satisfied any Super-Priority Lien Pursuant to *Saticoy Bay LLC v. JPMorgan Chase Bank*

A few months after BANA filed its motion for summary judgment, the Nevada Supreme Court issued a decision confirming that a homeowner's payment can be sufficient to satisfy the super-priority portion of the HOA's lien, preserving the bank's deed of trust. *Saticoy Bay LLC Series 2141 Golden Hill v. JP Morgan Chase Bank National Association*, 408 P.3d 558 (Table) (Nev. 2017) (unpublished disposition) *petition for rehearing denied*, (Nev. Feb. 26, 2018). A homeowner who tenders funds against the HOA’s lien extinguishes the super-priority portion of the lien if the homeowner tendered an amount sufficient to extinguish the super-priority potion of the lien, 9 months of common assessment fees. *Id.* Although new unpaid assessments may continue to accrue during the period that the payments are made, the superpriority is created at the time of the notice of delinquent assessments and **a new super priority cannot be created absent a new notice of delinquent assessments.** *Id.* Once an HOA foreclosure is initiated, if the homeowner pays the superpriority amount before the HOA forecloses, the sale is conducted under the subpriority portion of the HOA's lien only. *Id.*

AKERMAN LLP
1635 Village Center Circle, Suite 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

AKERMAN LLP
1635 Village Center Circle, Suite 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

Here, it is undisputed that the homeowner made payments, which were accepted by the HOA and applied to the account, in excess of the nine months' assessments which constitute the superpriority lien prior to the HOA Sale. **Ex. O.** The HOA's lien was recorded against the property on May 16, 2011. BANA MSJ, ECF No. 119, **Ex. C**. At that time, the total amount owed to satisfy the entire lien was only $2,983.16. *Id.* The HOA's own accounting reflect that assessments for the property for the period preceding the notice were $230 per month and that the homeowner paid, prior to the HOA Sale, **$7,891.87** to ATC, more than three times the nine month superpriority lien of $2070. Of this amount paid to ATC, $5,115.20 was applied towards the past-due HOA assessments, still more than twice the amount of the superpriority lien. **Ex. O**. The Nevada Supreme Court's ruling in *Saticoy Bay LLC Series 2141 Golden Hill*, makes it clear that the homeowner's payments extinguished the superpriority lien, leaving only the subpriority lien to be foreclosed, meaning the interest the HOA purchased in the property at its foreclosure sale, subsequently transferred to Proper, was subject to BANA's Deed of Trust.

**C. The Foreclosure Deed Expressly Stated the Sale was a Non-Priority Sale.**

The HOA no longer held a super-priority lien at the time it conducted its foreclosure sale, as the homeowner had paid, and the HOA accepted, well in excess of the super-priority amount of the HOA's lien. It is well-established that the foreclosure of a lien extinguishes only those interests junior to the foreclosed lien. *See Erickson Const. Co. v. Nevada Nat. Bank*, 89 Nev. 350, 351, 513 P.2d 1236, 1238 (1973).

Moreover, where the original foreclosure deed contains unambiguous language regarding the sub-priority portion of the HOA's lien, the first lien survives the foreclosure sale. *River Glider Avenue Trust v. Wells Fargo Bank, N.A.*, No. 69229, 2016 WL 6072421, at *1 (Nev. Oct. 14, 2016). Like this case, *River Glider* involved an original recorded trustee's deed stating that the interest the HOA conveyed at the foreclosure sale was only "that portion of its right, title and interest secured by the ***non-priority portion*** of its lien," followed by a subsequently recorded "corrective deed" removing that language. *Id.* The Nevada Supreme Court affirmed the district court's holding that the

AKERMAN LLP
1635 Village Center Circle, Suite 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

third party purchaser took title subject to the first deed of trust "by way of the unambiguous original trustee's deed," despite the later-recorded corrective deed. *Id.*

The court explained that even if the original trustee's deed contained a mistake, the HOA was not entitled to "unilaterally correct that mistake without seeking judicial reformation because doing so would have eliminated Wells Fargo's security interest in the subject property." *Id.*, citing to *Johnston v. Jones*, 66 U.S. 209, 221 (1861) ("The doctrine of relation [back] .... is never allowed to defeat the collateral rights of third persons, lawfully acquired."); *Kirkpatrick v. Ault*, 280 P.2d 637, 641 (Kan. 1955) ("As against third persons an alleged defective deed can be cured only by a bill in equity, and not by a confirmation assuming to relate back to the original deed." (quotation omitted)); 26A C.J.S. *Deeds* § 40 (2011) (same); *Mortg. Elec. Registration Sys., Inc. v. DePina*, 63 A.3d 871, 879–80 (R.I. 2013) (recognizing that corrective deeds cannot be used to fundamentally alter the original deed's legal effect); *Myrad Props., Inc. v. LaSalle Bank Nat'l Ass'n,*300 S.W.3d 746, 750 (Tex. 2009) (same).

Because the original trustee's deed expressly provided that the foreclosure sale conveyed only the non-priority portion of the HOA's interest in the property, the foreclosure sale did not extinguish Bank of America's deed of trust. The HOA's later attempt to unilaterally "correct" the deed to remove that language was improper, and did not change the effect of the originally recorded sub-priority deed.

**D. BANA's Tender Was Sufficient Per Recent Nevada Supreme Court Case Law**

The Nevada Supreme Court recently came out with three decisions each confirming that BANA's tender of exactly nine months of assessments to the HOA, even though rejected, extinguished the HOA's superpriority lien and preserved BANA's deed of trust.

In *Ferrell Street*, Bank of America produced evidence showing it tendered nine months of assessments. *Bank of America, N.A. v. Ferrell Street Trust*, 416 P.3d 208, at *2, 2018 WL 2021560 (Nev. 2018) (unpublished decision). The court found "tender of payment operates to discharge a lien." *Id.* at *1 (citing *Power Transmission Equip. Corp. v. Beloit Corp.*, 201 N.W.2d 13, 16 (Wisc. 1972)). It went on to state, "when a valid tender satisfies the superpriority portion of the HOA's

AKERMAN LLP
1635 Village Center Circle, Suite 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

assessment lien, a foreclosure sale for the entire lien results in a void sale, as only part of the lien remains in default." *Id.* at *2.

In *Ferrell Street Trust*, the trial court committed error by concluding that "tender of the amount [Bank of America] believed to be the super priority amount does not affect title received by [the foreclosure sale purchaser] because once the tender was rejected, [Bank of America] failed to take any further steps to protect its interest." Findings of Fact, Conclusions of Law and Judgment, *Ferrell St. Tr. v. Longman*, No. A-12-669707-C (Clark. Co. Dist. Ct. Oct. 21, 2015), at 6 ¶17.[2] The Nevada supreme court reversed and remanded this past April, describing Bank of America's tender as a "*valid, unconditional offer to pay the superpriority portion of the lien in full*" and a "*perfect tender*."[3] *Ferrell St. Tr.*, 416 P.3d at 208 (emphasis added). As applied to this case, *Ferrell Street Trust* confirms (**1**) BNYM tendered the correct superpriority amount, (**2**) BNYM was not improperly conditional, and (**3**) Alessi unjustifiably rejected BNYM's tender.

BANA's tender on BNYM's behalf in this case is materially indistinguishable from the tender in *Ferrell Street Trust*. Both this case and *Ferrell Street Trust* involve two letters from Miles Bauer and delivery of a check. The first letter in *Ferrell Street Trust* matches nearly word-for-word with Miles Bauer's first letter in this case. (*See* **Ex. P**, Excerpt from *Ferrell St. Tr.* Appendix, at 236-237; MSJ Ex. F, ECF No. 119, at Ex. 1.) The second letters are also substantively similar, differing only with respect to the property address, and the amount paid. (*See* **Ex. P**, Excerpt from *Ferrell St. Tr.* Appendix, at 245-47; MSJ Ex. F, ECF No. 119, at Ex. 3.) The language on the check stubs accompanying the delivered checks also matches. (*See* **Ex. P**, Excerpt from *Ferrell St. Tr.* Appendix, at 247; MSJ Ex. F, ECF No. 119, at Ex. 3.) Both checks equaled or exceeded nine months of assessments. This court should conclude, just like the Nevada supreme court, BANA "gave perfect tender."

---

[2] A copy of the trial court's order is attached as **EXHIBIT Q** for the court's convenience.

[3] The court remanded only because the HOA had recorded a *new* lien after BANA's tender—a fact *not* present in this case. The remand is to determine whether the HOA proceeded on a different superpriority lien from the one BANA satisfied. *Id.* Because the HOA here only recorded one lien and this case presents similar tender facts, the court can safely conclude the Nevada supreme court would find BANA's tender in this case to be a "valid" and "perfect" tender that "satisfied the superpriority portion of the lien such that the foreclosure sale is void."

AKERMAN LLP
1635 Village Center Circle, Suite 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

Since *Ferrell Street Trust* was decided, the Nevada Supreme Court has affirmed BANA's position in at least two other decisions. In *BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP v. Aspinwall Ct. Tr.*, No. 69885, 2018 WL 3544962 (Nev. July 20, 2018), the Nevada supreme court confirmed the bank made a valid tender. The supreme court held: "Having considered the parties' arguments and the record, we conclude that the district court erroneously granted summary judgment for respondent Aspinwall Court Trust, as appellant BAC Home Loans' agent tendered $468 to the HOA's agent, which, **although rejected,** undisputedly represented 9 months of assessments and therefore satisfied the superpriority of the HOA's lien." *Id. at *1.*

The second new case is *2713 Rue Toulouse Tr. v. Bank of Am., N.A.*, No. 68206, 2018 WL 3545359 (Nev. July 20, 2018). *2713 Rule Toulouse* also involved a rejected tender of the nine-month superpriority component where the bank did not pay the entire amount owed. The supreme court affirmed a summary judgment in the bank's favor despite the fact that the HOA rejected the payment. *See id.* at 1-2. These cases confirm that a bank's tender of exactly 9 months of assessments, even if rejected, is sufficient to extinguish the HOA's superpriority lien and preserve the deed of trust.

## IV. CONCLUSION

In light of the intervening Nevada Supreme Court case law which came out after BANA's motion for summary judgment was briefed, the court should reconsider its prior order and hold that the super-priority lien no longer existed at the time the HOA foreclosed and BANA's deed of trust continues to encumber the property.

DATED July 25, 2018. **AKERMAN LLP**

*<u>/s/ Jamie K. Combs</u>*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
JAMIE K. COMBS, ESQ.
Nevada Bar No. 13088
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134

*Attorneys for Plaintiff Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP*

AKERMAN LLP
1635 Village Center Circle, Suite 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of July, 2018 and pursuant to FRCP 5(b)(2)(E), I caused service via U.S. District Court's Case Management/Electronic Case Files (CM/ECF) system and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **BANK OF AMERICA, N.A.'S MOTION FOR RECONSIDERATION RE: ECF NO. 123** postage prepaid and addressed to:

Jeff Jacob Brauer, Esq.
BRAUER DRISCOLL SUN AND ASSOCIATES
3333 E. Serene, Suite 150
Las Vegas, Nevada 89074

*Attorneys for Redrock Park Homeowner's Association*

Christopher V. Yergensen
Brandon E. Wood Esq.
NEVADA ASSOCIATION SERVICES, INC.
6224 West Desert Inn Road
Las Vegas, Nevada 89146

*Attorneys for ATC Assessment Collection Group, LLC f/k/a Angius & Terry Collections, LLC*

Spencer M. Judd, Esq.
SPENCER M. JUDD
325 So. 3rd Street, #5
Las Vegas, Nevada 89101

*Attorneys for Proper Properties, Inc.*

Edward Sun
20 Glenbrook Drive
Hillsborough, CA 94010

*Pro Se*

*/s/ Chelsie Willey*
An employee of AKERMAN LLP

**INDEX OF EXHIBITS TO**
**BANK OF AMERICA, N.A.'S MOTION FOR RECONSIDERATION RE:**
**ECF NO. 123**
**CASE NO. 2:16-cv-00659-JCM-NJK**

| | |
|---|---|
| Exhibit N | ATC Status Report |
| Exhibit O | ATC Ledger |
| Exhibit P | Excerpts from *Bank of America, N.A. v. Ferrell Street Trust*, Case No. 70299, Appellant's Appendix Volume II |
| Exhibit Q | Findings of Fact, Conclusions of Law, and Judgment in Case No. A-12-69797-C |

**AKERMAN LLP**
1635 Village Center Circle, Suite 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572