UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-659 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| REDROCK PARK HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Bank of America, N.A.'s ("BANA") motion for reconsideration. (ECF No. 125). Defendants Redrock Park Homeowner's Association ("Redrock Park"); ATC Assessment Collection Group, LLC ("ATC); and Proper Properties, Inc. ("Proper") did not file a response and the time to do so has passed. After the court held a hearing on BANA's motion for reconsideration, BANA filed a supplemental brief. (ECF No. 128). Redrock Park filed a response (ECF No. 128), to which BANA replied (ECF No. 130).

Also before the court is the parties' joint motion to extend time. (ECF No. 124).

**I.  Facts**

This action arises from a dispute over real property located at 2601 Red Rock Street, #201, Las Vegas, Nevada 89146 ("the property"). (ECF No. 1).

Timothy Anders purchased the property on October 25, 2005. (ECF No. 119). Anders financed the purchase with a loan in the amount of $136,000.00 from Countrywide Home Loans, Inc. ("Countrywide"). (ECF No. 119-1). Countrywide secured the loan with a deed of trust, which names Countrywide as the lender, CRC Real Estate Services as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary as nominee for the lender and

lender's successors and assigns. *Id*. On July 1, 2011, BANA acquired all beneficial interest in the deed of trust via an assignment, which BANA recorded with the Clark County recorder's office. *Id*.

On May 16, 2011, Redrock, through its agent ATC, recorded a notice of delinquent assessment lien ("the lien") against the property for Anders' failure to pay Redrock Park in the amount of $2,983.16. *Id*. On June 8, 2011, Redrock Park recorded a notice of default and election to sell pursuant to the lien, stating that the amount due was $4,052.39 as of June 6, 2011. *Id*.

In an attempt to exercise its right of redemption, BANA requested from Redrock Park the superpriority amount of the lien. *Id*. On April 9, 2012, Redrock Park provided a payoff ledger of Anders' delinquent payment history from December 2010 to April 2012. *Id*. The payoff ledger shows an outstanding balance of $5,310.73 but does not state what portion of the balance constitutes the superpriority portion of the lien. *Id*. The ledger also does not include fees for maintenance and nuisance abatement. *Id*. The ledger does state, however, that Redrock Park's monthly assessments against the property were $230.00. *Id*.

BANA used Redrock Park's ledger to calculate the superpriority amount as $2,070.00, the sum of nine months of common assessments. *Id*. On May 17, 2012, BANA sent a letter and a check for that amount to Redrock Park. *Id*. The letter explained that the check was the sum of nine months of common assessments and intended to pay off the superpriority portion of the lien. *Id*. Redrock Parks rejected the payment because it did not include collection costs. *Id*.

On February 24, 2014, Redrock Park recorded a notice of trustee's sale against the property. *Id*. On July 9, 2014, Redrock Park sold the property in a nonjudicial foreclosure sale. *Id*. As there were no other bidders, Redrock Park purchased the property at a sale price of $8,330.92. *Id*. On October 21, 2014, Redrock Park recorded the deed of trustee's sale. *Id*. On May 26, 2016, Proper acquired the property via a quitclaim deed, which it recorded with the Clark County recorder's office. *Id*.

On March 25, 2016, BANA filed an amended complaint, alleging four causes of action: (1) quiet title/declaratory relief against all defendants; (2) breach of NRS 116.1113 against Redrock Park and ATC; (3) wrongful foreclosure against Redrock Park and ATC; and (4)

James C. Mahan
U.S. District Judge

- 2 -

injunctive relief against Proper. (ECF No. 83). On June 22, 2018, the court denied BANA's motion for summary judgment, holding in part that BANA's attempted tender was insufficient to extinguish the superpriority lien. (ECF No. 123).

On September 13, 2018, the Nevada Supreme Court issued a ruling clarifying how courts should apply NRS 116.3116 *et seq.* ("Chapter 116")—the statute that Redrock Park relied on when it foreclosed on the property. *See Bank of America, N.A. v. SFR Investments Pool 1, LLC*, No. 70501, 2018 WL 4403296 (Nev. Sept. 13, 2018) ("*Bank of America*"). In light of this intervening change in controlling law, the court now reconsiders its prior order pursuant to BANA's motion for reconsideration (ECF No. 125).

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

## III. Discussion

Before the court are two motions. First, the court will grant BANA's motion for reconsideration (ECF No. 125) because an intervening change in controlling law changes the outcome of this litigation. Second, the court will deny as moot the parties' motion to extend (ECF No. 124).

. . .

*a. Motion for reconsideration*

BANA argues that the court should set aside the foreclosure sale because Redrock Park wrongfully rejected BANA's tender of the superpriority portion of the lien. (ECF No. 125). In light of the Nevada Supreme Court's ruling in *Bank of America*, the court agrees.

Under NRS 116.31166(1), the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, BOA could have paid off the SHHOA lien to avert loss of its security . . ."). The superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the subpriority piece consists of "all other HOA fees or assessments." *SFR Investments*, 334 P.3d at 411; *Horizons at Seven Hills Homeowners Association v. Ikon Holdings, LLC*, 373 P.3d 66 (Nev. 2016).

In *Bank of America*, the Nevada Supreme Court held that a foreclosure sale did not extinguish a first deed of trust when Bank of America, the holder of the deed of trust, used the HOA's representations to calculate and tender the sum of nine months of delinquent assessments. *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018). Although the superpriority portion of an HOA lien typically includes maintenance and nuisance abatement charges, the court held that "Bank of America tendered the correct amount to satisfy the superpriority portion of the lien . . . [because] the HOA did not indicate that the property had any charges for maintenance or nuisance abatement." *Id*. at 118.

The Nevada Supreme Court's holding in *Bank of America* controls the court's analysis in this case. Like *Bank of America*, where Bank of America relied on the HOA's representations to calculate nine months of assessments, BANA relied on Redrock Park's ledger to calculate nine months of assessments. *See id*. at 118; (ECF No. 119). Further, Redrock Park, like the HOA in *Bank of America*, did not indicate that the property had any charges for maintenance or nuisance abatement. *See Bank of America*, 427 P.3d at 118; (ECF No. 119). Thus, when BANA sent a check for nine months of assessments to Redrock Park, it properly tendered the superpriority portion of the lien. Therefore, the nonjudicial foreclosure sale did not extinguish the deed of trust.

*See id.* at 121 ("It follows that after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale . . . cannot extinguish the first deed of trust").

   *b. Motion to extend*

The court will deny as moot the parties' motion to extend (ECF No. 124) because the deadline that the parties are requesting has already passed.

**IV. Conclusion**

In light of the intervening change in controlling law, BANA is entitled to judgment as a matter of law on its claim for quiet title/declaratory relief.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BANA's motion for reconsideration (ECF No. 125) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the court's order filed in June 22, 2018, (ECF No. 123) be, and the same hereby is, VACATED.

IT IS FURTHER ORDERED that the parties' joint motion to extend time (ECF No. 124) be, and the same hereby is, DENIED as moot.

The clerk shall enter judgment accordingly and close the case.

DATED November 29, 2018.

_____
UNITED STATES DISTRICT JUDGE